DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Perram Electric, Inc., appeals from the judgment of the Municipal Court of Oberlin denying its claims for damages for labor and equipment downtime. This Court affirms.
 I. {¶ 2} Appellant was awarded a contract for installation of temporary telephone poles, traffic signals and switches in Wellington, Ohio. Because the contract involved a public project, R.C. 153.64 applied. This section of the Revised Code governs identification of public utilities prior to construction of public improvements. Under R.C. 153.64(C), the owner of the underground utilities is required to mark the location of the underground utilities so that they are not damaged during excavation. In preparation for this job, Appellant contacted Ohio Utility Protection Services ("OUPS") on June 11, 2003 to notify them of the location and time of their planned excavation. OUPS then alerted Appellee, Columbia Gas, Inc. ("Columbia"), who marked the location of their gas lines on June 12, 2003.
 {¶ 3} On June 17, 2003, while excavating in preparation for installation of telephone poles, Appellant hit a gas main owned by Columbia. As a result of Appellant's collision with the gas line, Appellant was required to shut down all of its equipment until Columbia repaired the gas main. Appellant contends that none of its employees was able to work during repair of the gas main and that these employees had to wait several hours for the repair during which time they could not perform other work. Appellant set the poles on June 17, 2003. As a result of the wide area of excavation, one of the poles shifted, and Appellant had to return to the site on June 19, 2003 to reset the pole.
 {¶ 4} Columbia filed a complaint against Appellant in Oberlin Municipal Court in which it sought damages for injuries Appellant caused when it struck the gas main. Appellant filed a counterclaim asserting economic loss for labor and equipment costs incurred during the time when Appellant waited for repairs to the gas line. Appellant also sought damages for costs associated with placing the pole and stabilizing the backfilled area during Appellant's return to the site two days after the incident.
 {¶ 5} The court conducted a bench trial on July 23, 2004 and August 16, 2004 where it found that Columbia had failed to mark the gas line in question. On August 25, 2004, the court entered its Judgment Entry in which it awarded $412.96 in damages to Appellant for the labor involved in re-setting the pole two days after the incident. However, the court determined that Appellant had failed to establish that it suffered actual damages in the form of "downtime" labor, labor exerted in setting the pole on the day of the accident, and equipment downtime on the day of the accident. The court also denied Appellant's claims for recovery of money expended in interviewing witnesses, which Appellant is not appealing. Appellant timely filed its Notice of Appeal on September 24, 2004, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR I
"The trial court erred when it found that [appellant] did not prove the existence of damages for labor and equipment downtime with reasonable certainty."
 {¶ 6} In its sole assignment of error, Appellant argues that the trial court erred in failing to award it damages for labor and equipment downtime. Specifically, Appellant argues that (1) the court erred as a matter of law in finding that Appellant failed to present evidence from which it could calculate damages and (2) that the court erred as a matter of law when it held that Appellant failed to prove the existence of damages for labor and equipment downtime with reasonable certainty. We disagree.
 {¶ 7} Although Appellant utilizes "error as a matter of law" language in presenting its assignment of error, the proper standard of review for a trial court's decision regarding damages is abuse of discretion and the instant appeal will be reviewed under this standard. Absent an abuse of discretion, this Court will not disturb a trial court determination regarding damages.Roberts v. United States Fidelity Guaranty Co. (1996),75 Ohio St. 3d 630, 634. Abuse of discretion requires more than simply an error in judgment; it implies unreasonable, arbitrary, or unconscionable conduct by the court. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med.Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 8} Appellant asserts that the trial court's decision not to award it damages for labor and equipment downtime resulted from the difficulty in calculating its damages. To the contrary, the trial court refused to award labor and equipment downtime damages because it found that Appellant failed to provide sufficient proof that it suffered these alleged damages. Although Appellant presented testimony and evidence regarding the number of hours each employee spent in downtime and provided the rates for these employees, Appellant failed to demonstrate that these employees would not have otherwise been paid these amounts but for the accident. In addition, Appellant failed to establish that it incurred additional charges for use of the equipment and/or that Appellant lost the ability to use the equipment for another job as a result of the delay.
 {¶ 9} Appellant failed to establish that it incurred damages above and beyond the payment it received for performing the job. Appellant testified that it set aside one day to complete the pole setting operation and completed the job in one day even with the 3.25 hours it estimated as downtime attributable to the repair of the gas line. Notably, Appellant failed to factor its employees' one half hour unpaid lunch break into the 3.25 hours it estimated as downtime. But, even if Appellant's employees incurred 3.25 hours of downtime as a result of the repair, Appellant failed to present evidence that it had to pay any of its employees overtime for June 17, 2003. Indeed, Appellant testified that only one of its employees worked overtime during the week of the accident and that the date of this overtime was June 19, 2003. Appellant further testified that it neither lost any jobs as a result of the accident nor had any other jobs scheduled for June 17, 2003.
 {¶ 10} Although Appellant had to return to the site on June 19, 2003 to reset one of the poles which had started to lean, the trial court awarded Appellant damages for the work it performed to reset the pole. In addition, Columbia paid Appellant the same amount it would have paid if the accident had not occurred. Consequently, Appellant has received compensation for the one day it spent setting the poles as well as for the additional time it spent in returning to the site to complete the job and has failed to demonstrate entitlement to damages beyond those already awarded.
 {¶ 11} Based on the evidence before the trial court, we cannot say that the trial court abused its discretion in refusing to award damages to Appellant for labor and equipment downtime. The trial court's determination that Appellant was entitled to recover for economic losses does not translate into Appellant's automatic entitlement to any amount it alleges as damages. Appellant has simply failed to demonstrate that it incurred damages for labor and equipment downtime beyond the damages it incurred in returning to the site to reset the pole on June 19, 2003. Accordingly, Appellant's sole assignment of error is overruled.
 III. {¶ 12} Appellant's assignment of error is overruled. The judgment of the Oberlin Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Oberlin Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J. Batchelder, J. Concur.